**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENNY FRED HILL,

      Plaintiff-Appellant,

v.

GLENN COWART,

      Defendant-Appellee.

No. 98-6220

(D.C. No. 96-CV-2139)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff Benny Fred Hill appeals the district court's decision granting summary

judgment in favor of Defendant. We review the district court's grant of summary

judgment de novo. United States v. Jenks, 129 F.3d 1348, 1352 (10th Cir. 1997).

Applying this standard, we affirm.

---

      [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**]     After examining the briefs and appellate record, this three-judge panel has determined that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff is an inmate at the James Crabtree Correctional Center in Helena, Oklahoma. On December 27, 1996, Plaintiff filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his civil rights in connection with Defendant's acts of arresting Plaintiff for public intoxication and later testifying about the arrest before a parole board. Specifically, Plaintiff alleged that Defendant: (1) violated his Eighth and Fourteenth Amendment rights to receive medical care; (2) violated his Fourth and Fourteenth Amendment rights to be free from unlawful searches and seizures; and (3) violated his First, Fourth, Sixth, Eighth, Thirteenth and Fourteenth Amendment rights by slanderously accusing him of committing a crime.

Defendant moved to dismiss the complaint and submitted evidence in support of the motion. The district court referred the case to a magistrate. In a thorough and well-reasoned report and recommendation, the magistrate, treating the motion to dismiss as one for summary judgment, recommended that the district court grant summary judgment in favor of Defendant. In his report, the magistrate found that Plaintiff's claims did not rise to the level of a constitutional violation and, alternatively, that Defendant was entitled to qualified immunity. The district court adopted the magistrate's recommendation and entered summary judgment in Defendant's favor.

We have reviewed the parties' briefs, the district court's order, the magistrate's report and recommendation and the entire record before us. We conclude the district court committed no reversible error.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge